On Rehearing

BRADLEY, Judge.
Upon rehearing in this cause, counsel for both parties correctly point out that our original opinion contains a misstatement of fact. Our original opinion incorrectly states that the Bank’s previous LTD policy with Mutual Benefit Insurance Company contained no pre-existing condition limitations clause. In fact, the Mutual Benefit policy did contain such a clause though with slightly different terms than the similar clause in the Crown Life policy. However, we attach no controlling significance to the absence or presence of the clause in the Mutual Benefit policy.
The insured further argues that the testimony of Mr. Charles Barnes is properly admissible under the standard set forth by the Alabama Supreme Court in Mall Gift Cards, Inc. v. Wood, supra, because the effective date of the pre-existing condition limitations clause in the Crown Life policy is uncertain, doubtful or ambiguous. We cannot agree. The copy of the Crown Life policy contained in the record reflects, in at least two separate places, that the effective date of the policy is July 1, 1976. We find no ambiguity on this point.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P. J., and HOLMES, J., concur.